UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-62185-SINGHAL/VALLE

IN RE:

APPLICATION OF LM PROPERTY
DEVELOPMENT LIMITED AND MIRKO
KOVATS PURSUANT TO 28 U.S.C. § 1782
TO CONDUCT DISCOVERY FOR USE IN
FOREIGN PROCEEDINGS.
_____/

### REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS MATTER is before the Court upon Applicants' Renewed Motion for Relief, Including Contempt of Court, for Respondent's Failure to Comply with this Court's Orders (the "Renewed Motion"). *See* (ECF No. 28). United States District Judge Raag Singhal has referred the matter to the undersigned for appropriate disposition. *See* (ECF No. 7). Accordingly, having reviewed the Renewed Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Renewed Motion be **GRANTED** and an order of civil contempt be entered against Respondent Azul Destinations, LLC ("Azul"). The undersigned further recommends that the District Judge impose a reasonable daily fine of $100 on Azul until such time as it complies with this Court's Orders directing it to respond to Applicants' subpoena.

### I.   BACKGROUND

This case stems from a series of legal proceedings in the Bahamas involving Applicants, the Government of the Bahamas, and other third-parties concerning Applicants' attempts to purchase certain Bahamian real estate. *See generally* (ECF No. 1). In this regard, Applicants filed an *Ex Parte* Application for Judicial Assistance to obtain evidence for use in a foreign proceeding pursuant to 28 U.S.C. § 1782 (the "Application"), seeking leave to serve subpoenas on multiple

third-party Respondents ("Respondents") for documents and deposition testimony for use in the Bahamian proceedings. *Id*. In January 2023, the undersigned granted the Application, finding that Applicants met the requirements of 28 U.S.C. § 1782. *See generally* (ECF No. 10). The Court also found that all Respondents were corporate entities or individuals who resided in this District and that the proposed subpoenas sought documents and communications facially tailored toward the pending litigations in the Bahamas. *See id.* at 2-3; 28 U.S.C. § 1782; *In re England/Bahamas*, No. 20-MC-61696, 2021 WL 3270074, at *2 (S.D. Fla. July 30, 2021).

Accordingly, in January 2023, Applicants served a subpoena on Azul, but Azul failed to respond. *See* (ECF No. 19 at 1). Applicants then filed a Motion for Order to Show Cause or, in the alternative, to compel Azul's compliance with the subpoena (the "Initial Motion"). *Id*. When Azul failed to respond to the Initial Motion, the undersigned issued an Order to Show Cause why the Initial Motion should not be granted by default. (ECF No. 20) (the "March 2023 Order"). Following Azul's failure to respond to the March 2023 Order, the undersigned granted the Initial Motion in part by default and directed Azul to produce all documents responsive to the previously served subpoena within 14 days. (ECF No. 23) (the "April 2023 Order"). The April 2023 Order warned Azul that failure to comply with the Court's Order may result in sanctions (including possible contempt for failure to obey Court orders). Applicants served the April 2023 Order on Azul and filed a Notice of Compliance regarding the same. (ECF Nos. 23, 24). To date, however, Azul has not complied with the April 2023 Order. The instant Renewed Motion followed. *See* (ECF No. 28).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 45(g) authorizes a court to "hold in contempt a person, who having been served, fails without adequate excuse to obey [a] subpoena or an order related to

it." In addition, "[c]ourts [] have the inherent power to enforce compliance with their lawful orders through civil contempt." *Whatley v. World Fuel Servs. Corp.*, No. 20-MC-20993, 2020 WL 4818924, at *2 (S.D. Fla. Aug. 19, 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "Civil contempt therefore provides courts with a sanction to enforce compliance with [a subpoena or] an order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance." *Id.*; *see F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) (quoting *Loc. 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986)) ("[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."). Civil contempt sanctions may include, among other things, a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

A finding of civil contempt must be supported by clear and convincing evidence. *S.E.C. v. Pension Fund of Am., L.C.*, 396 F. App'x 577, 580 (11th Cir. 2010). The clear and convincing evidence must establish that: (i) an order was violated; (ii) the allegedly violated order was valid and lawful; (iii) the order was clear and unambiguous; and (iv) the alleged violator had the ability to comply with the order. *Id.* Conversely, a party seeking to avoid contempt "must show that he or she either did not violate the court order as alleged or that she was 'excused' from complying with such order." *Van De Velde NV v. Felder*, No. 15-CV-24096, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017) (citing *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). A party may only be excused from compliance where it shows that "despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother v. BFP Invs., Ltd.*, No. 03-CV-60129, 2010 WL 2978077, at *2 (S.D. Fla. June 1, 2010).

### III.     FINDINGS OF FACT

The undersigned makes the following findings of fact in connection with Applicants' Renewed Motion to hold Respondent Azul in contempt of Court:

1.    The Court's March 2023 Order required Azul to show cause within 10 days why Applicants' Initial Motion should not be granted by default.  *See* (ECF No. 20).

2.    Azul failed to comply with the March 2023 Order.

3.    The Court's April 2023 Order granted in part Applicants' Initial Motion by default and directed Azul to produce all documents responsive to the subpoena within 14 days, warning Azul that "[f]ailure to comply with this Order may result in sanctions against [Azul], including possible contempt for failure to obey court orders."  (ECF No. 23).

4.    To date, however, Azul has failed to comply with the April 2023 Order.

5.    Both the March 2023 and April 2023 Orders were properly served on Azul via First Class Mail and FedEx to its registered agent in Southwest Ranches, Florida.  *See* (ECF Nos. 21, 22, 24).

6.    Based on the record before the Court, Azul had the ability to comply with this Court's Orders.  Azul has not explained what efforts, if any, it made to comply with the Court's Orders.

7.    Both the March 2023 and April 2023 Orders were valid and lawful.  Under 28 U.S.C. § 1782, District Courts are permitted to authorize discovery in this District for use in a foreign proceeding if four requirements are met:

> (1) the request [is] made "by a foreign or international tribunal," or by "any interested person"; (2) the request [] seek[s] evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence [is] "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

4

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782).

8.     Additionally, a Rule 45 subpoena may command the production of "documents, electronically stored information, or tangible things" and "require[] the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). A responding person may serve objections within 14 days or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(A)-(B). When neither happens, the requesting person may file a motion with the Court to compel the responding person's compliance, and Rule 45 expressly permits the court to "*hold in contempt* a person who, having been served, *fails without adequate excuse to obey the subpoena or an order related to it*." Fed. R. Civ. P. 45(g) (emphasis added).

9.     Finally, the March 2023 and April 2023 Orders were clear and unambiguous, directing Azul to: (i) show cause why it should not be compelled to comply with a validly issued subpoena (ECF No. 20); and (ii) produce the requested responsive documents (ECF No. 23). Azul has not: (i) requested clarification of this Court's Orders or the underlying subpoena; (ii) served objections; or (iii) or filed a motion to quash the subpoena.

10.    Against this factual background, the undersigned finds that Applicants have established the need for civil contempt by clear and convincing evidence.

11.    Moreover, this Court finds that the only way to obtain compliance with its prior Orders is to find Azul in civil contempt and require it to pay a coercive daily fine of $100 until it purges itself of contempt by producing the subpoenaed documents.

### IV.    RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Applicants' Renewed Motion be **GRANTED**. Specifically, the undersigned recommends that the

District Judge: (i) enter an Order finding Respondent Azul in civil contempt for failure to obey this Court's March 2023 and April 2023 Orders; and (ii) impose a coercive $100 daily fine on Azul until it purges itself of contempt by complying with this Court's Orders.

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. *See* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 11th Cir. R. 3-1 (2023); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Additionally, within **two days** from the date of this Report and Recommendation, Applicants shall serve a copy of the same on Azul by certified First Class Mail and file a Notice of Compliance confirming service.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on January 16, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
All Counsel of Record